UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENTINA MAZZONE-URIE,<br><br>    Plaintiff,<br><br>    v.<br><br>ONEWEST BANK FSB, et al.,<br><br>    Defendants. | Case No. 21-cv-06075-EMC<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Docket No. 25 |

Currently pending before the Court is a motion to withdraw as counsel, filed by Plaintiff's counsel Mr. Mellen (of the Mellen law firm). The motion to withdraw appears to have been served on the last-known address for Plaintiff. *See* Mot. (proof of service). Counsel represented he emailed his client and tried to call her as well. Plaintiff did not file an opposition to the motion to withdraw. Nor did she appear at the hearing on the motion to withdraw.

Mr. Mellen seeks to withdraw as counsel for Plaintiff based on a serious medical injury. *See* Puccini Decl. ¶ 4. California Rule of Professional Conduct 1.16 provides in relevant part that "a lawyer shall not represent a client or, where representation has commenced, *shall* withdraw from the representation of a client if," *inter alia*, "the lawyer's mental or physical condition renders it unreasonably difficult to carry out the representation effectively."[1] Cal. R. Prof. Conduct 1.16(a)(3) (emphasis added). Similarly, "a lawyer *may* withdraw from representing a client if," *inter alia*, "the lawyer's mental or physical condition renders it difficult for the lawyer to

---

[1] "In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California." *Morrow v. Mid Peninsula Hotels, LLC*, No. 19-cv-03863-TSH, 2020 U.S. Dist. LEXIS 155277, at *3 (N.D. Cal. Aug. 26, 2020).

1 carry out the representation effectively." Cal. R. Prof. Conduct 1.16(b)(8) (emphasis added). Rule
2 1.16 also provides that "[a] lawyer shall not terminate a representation until the lawyer has taken
3 reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as
4 giving the client sufficient notice to permit the client to retain other counsel . . . ." Cal. R. Prof.
5 Conduct 1.16(d).

6     Based on the evidence submitted, the Court finds that withdrawal is appropriate pursuant
7 to Rule 1.16(a)(3) or, alternatively, Rule 1.16(b)(8). The motion is therefore **GRANTED** but is
8 conditioned on the following.

9     1.    Mr. Mellen shall immediately file a notice providing the most recent contact
10 information he has for Plaintiff, including mailing address, email address, and any telephone
11 number (work, home, cell).

12     2.    Mr. Mellen shall immediately serve a copy of this order on Plaintiff by mail *and* by
13 email. In addition, Mr. Mellen shall call Plaintiff to notify her of the contents of this order. If,
14 after a reasonable effort, Mr. Mellen is unable to make voice-to-voice contact with Plaintiff, then
15 he may leave a voicemail with Plaintiff.

16     3.    Mr. Mellen shall immediately mail a copy of his case file to Plaintiff.

17     4.    By July 11, 2022, Mr. Mellen shall file a declaration certifying compliance with
18 this order.

19 **The Court instructs Plaintiff that she has until August 31, 2022, to hire new counsel**
20 **and have that counsel make an appearance on her behalf. If counsel does not make an**
21 **appearance by that date, then she will have to proceed in this litigation without an attorney –**
22 ***i.e.*, she will be representing herself.**

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

United States District Court
Northern District of California

2

Finally, the Court sets a status conference for this case for Tuesday, **September 13, 2022**, at 2:30 p.m. No later than **September 6, 2022**, the parties shall file a joint status report, providing an update on the status of this case.

This order disposes of Docket No. 25.

**IT IS SO ORDERED**.

Dated: July 1, 2022

_____
EDWARD M. CHEN
United States District Judge