UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLORENTINA MAZZONE-URIE,

               Plaintiff,

      v.

ONEWEST BANK FSB, et al.,

               Defendants.

Case No.  21-cv-06075-EMC

**ORDER RE NOTICE OF DEFENDANTS' MOTION TO DISMISS**

Docket No. 65

Plaintiff Florentina Mazzone-Urie has filed a foreclosure-related action against multiple companies (collectively, "Defendants").  One of her goals in filing suit is to prevent the foreclosure of certain real property.  Defendants have now filed a motion to dismiss Ms. Mazzone-Urie's case.  *See* Docket No. 65 (motion).  After Defendants filed their motion, Ms. Mazzone-Urie initiated bankruptcy proceedings.  *See* Case No. 24-30350 (N.D. Cal. Bankr. Ct.).  The Court held a status conference on June 25, 2024, to discuss with the parties how this case should proceed in light of the bankruptcy filing.

Defendants have cited authorities supporting their position that the automatic bankruptcy stay does not apply to stop proceedings in this case.  *See* 11 U.S.C. § 362(a)(1) (providing that "a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of – (1) the commencement or continuation . . . of a judicial, administrative, or other action or proceeding *against* the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against* the debtor that arose before the commence of the case under this title") (emphasis added); *In re Merrick*, 175 B.R. 333, 336-37 (9th Cir. 1994) (acknowledging that § 362(a)(3) provides for a stay of any "'act to obtain

possession of property of the estate or of property from the estate or to exercise control over property of the estate'" and that "'the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it, subsection (a)(3) is no more applicable than (a)(1) is'").  Nevertheless, the Court still has some concern about proceeding with this case given that, *e.g.*, the real property at issue is an asset of the estate, and thus the bankruptcy trustee or bankruptcy court may have some views on this proceeding which could affect the assets of the estate.

Accordingly, the Court shall proceed as follows.  The Court shall hold a hearing on Defendants' motion to dismiss on **September 12, 2024, at 1:30 p.m.**  Although technically, the time for Ms. Mazzone-Urie to file an opposition to the motion has expired, it shall allow her to file an opposition by July 16, 2024, and Defendants a reply by July 23, 2024.

In the meantime, the Court shall provide a courtesy copy of this order to the following:

- the bankruptcy trustee (David Burchard, P.O. Box 8059, Foster City, CA 94404, *and* U.S. Trustee, Office of the U.S. Trustee/SF, 450 Golden Gate Ave. 5th Fl., #05-0153, San Francisco, CA 94102);
- Ms. Mazzone-Urie's bankruptcy counsel (Marc Voisenat, Law Offices of Marc Voisenat, 2329A Eagle Ave., Alameda, CA 94501, voisenat@gmail.com *and* marcvoisenatlawoffice@gmail.com); and
- the bankruptcy court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    Each has leave to file a statement in this case no later than **August 26, 2024**, should it have any

2    views on, *e.g.*, how the instant case impacts the bankruptcy proceedings or vice-versa, whether the

3    hearing on the motion to dismiss should proceed in this case, and whether bankruptcy counsel or

4    the bankruptcy trustee would have an interest in participating in this case or in a settlement

5    conference should one be held under the auspices of this Court.

6

7         **IT IS SO ORDERED**.

8

9    Dated: June 25, 2024

10

11   _____

12   EDWARD M. CHEN
     United States District Judge

United States District Court
Northern District of California

3