UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENTINA MAZZONE-URIE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ONEWEST BANK FSB, et al.,<br><br>　　　　Defendants. | Case No.  21-cv-06075-EMC<br><br>**ORDER DISMISSING CASE**<br><br>Docket No. 107 |

Previously, the Court granted the motion to dismiss that had been filed by PHH and Ocwen, which left OneWest as the sole remaining defendant in the case. The Court ordered Plaintiff to show cause as to why her claims against OneWest should not be dismissed. It noted as follows:

> The record does not reflect that OneWest Bank has been served (and it has not otherwise made an appearance in the case). The Court also notes that, based on the allegations in Plaintiff's complaint, OneWest Bank was the servicer for the loan back in 2008, but that Ocwen later became the servicer and was the servicer at the time of her husband's death. *See* Compl. ¶¶ 14, 19. Thus, as a practical matter, it is not clear that Plaintiff has any real interest in pursuing any claims against OneWest Bank. Finally, given that the Court has found the claims pled in the complaint lacking in merit as to Ocwen and PHH, the same claims pled against OneWest Bank would also be lacking in merit.
>
> Accordingly, the Court hereby orders Plaintiff to show cause as to why her claims against OneWest Bank should not be dismissed, either without prejudice based on failure to prosecute or with prejudice based on failure to state a claim for relief.

Docket No. 106 (Order at 1).

　　　　Plaintiff submitted a response to the order to show cause by sending an email to the

1   Courtroom Deputy.  As a courtesy, the Clerk of the Court filed the email so that it is now part of

2   the docket.  *See* Docket No. 107.  In the email, Plaintiff mentions OneWest only in passing.  She

3   does not appear to claim that it engaged in wrongdoing; nor does she appear to seek any relief

4   from it, particularly because, as noted above, Ocwen later became the servicer.  In the bulk of the

5   email, Plaintiff maintains that Ocwen and/or PHH acted improperly and essentially asks the Court

6   to reconsider its dismissal of these defendants.  She also asks for more time to get legal

7   representation.

8        Taking into account the above, the Court hereby rules as follows.

9        1.   The claims against OneWest are dismissed with prejudice based on failure to state a

10  claim for relief.

11       2.   To the extent Plaintiff asks the Court to reconsider its dismissal of Ocwen and/or

12  PHH, the motion is denied.  Plaintiff essentially makes the same arguments she has made

13  previously.

14       3.   Because the Court is denying the motion to reconsider, all claims against all

15  Defendants in this case are now resolved.  Thus, Plaintiff's request for an extension of time to find

16  legal representation is denied as moot.

17       4.   The Court orders that a final judgment be entered in accordance with this order, and

18  the Clerk of the Court shall close the file in this case.

19

20       **IT IS SO ORDERED**.

21

22  Dated: February 27, 2025

23

24                                        _____

25                                        EDWARD M. CHEN
                                      United States District Judge

26

27

28

United States District Court
Northern District of California